UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-mj-03853-Reid

UNITED STATES OF AMERICA

vs.

MELINA JUSTICE DESTRA,
JACQUELINE SUSIE MASON, and
KARTAYAH NARIAH FELICIANO,

    **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  ___ Yes  _X_ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:  /s/ *Nardia Haye*_____
Nardia Haye
Assistant United States Attorney
U.S. Attorney's Office – SDFL
Court ID No. A5502738
99 NE 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9326
Email: Nardia.Haye@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Melina Justice Destra, Jacqueline Susie Mason, and Kartayah Nariah Feliciano,<br><br>*Defendant(s)* | Case No.  1:22-mj-03853-Reid |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of **October 29, 2022** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute a controlled substance |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Summer Louis, HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by _____

Date:  October 31, 2022

_____
*Judge's signature*

City and state:  Miami, Florida            Honorable Lisette M. Reid, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Summer Louis, being duly sworn, hereby depose and state the following:

## INTRODUCTION AND AGENT BACKGROUND

1.　　I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") since April of 2020. I obtained a bachelor's degree in mathematics education and a master's degree in public administration from Florida State University. I have experience working for the federal government in enforcement and investigations since 2015. I have participated in training programs related to the investigation of controlled substances violations and the methods used by traffickers in the importation, distribution, packaging, and concealment of controlled substances. I have participated in the arrests of numerous suspects involved in narcotics trafficking offenses. I have conducted, as well as participated in, numerous drug-related investigations. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for offenses enumerated in Titles 18, 19, 21, 31 and 46 of the United States Code.

2.　　The information contained in this affidavit is submitted for the sole purpose of establishing probable cause that on or about October 29, 2022, Melina Justice DESTRA ("DESTRA"), Jacqueline Susie MASON ("MASON"), and Kartayah Nariah FELICIANO ("FELICIANO") did knowingly and willfully combine, conspire, confederate, and agree with each other to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846.

3.　　Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all the information known to me and other

law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation.

## PROBABLE CAUSE

4. On or about October 29, 2022, HSI investigators along with U.S. Customs and Border Protection officers ("CBPOs"), conducted an enforcement operation onboard the MSC Seashore Cruise Ship. The vessel arrived at the Port of Miami from Ocean Cay, Bahamas via Jamaica, Grand Cayman, and Mexico. HSI agents and CBPOs encountered DESTRA, MASON, and FELICIANO in line to disembark the ship. CBPOs officers instructed the subjects to bring their belongings for a secondary inspection. They were selected for a secondary inspection based on their booking activity. All three individuals booked their trip at the last minute (10 days prior to sailing). Based on my training and experience, it is common to book cruises at least several months in advance of sailing. Additionally, all three provided only basic information on their booking and did not list an emergency contact. Further, their two separate cabins were booked under the same reservation number.

5. The three subjects gathered their belongings and were escorted to a secondary inspection area at the Port of Miami. DESTRA brought a hard black carry-on luggage with a pink pattern, a black backpack, and a black carry-on bag. MASON brought a pink and green carry-on luggage, a small pink purse, a black backpack, and a black carry-on bag. FELICIANO brought a travel set consisting of a hard pink carry-on luggage and a

2

soft pink carry-on bag, a small purse, a plastic bag, an off-white carry-on bag, a black backpack, and a grey sweater.

6.  CBPOs gave Customs Declaration Forms to DESTRA, MASON, and FELICIANO to fill out. CBPOs then searched each individual and their belongings simultaneously in separate rooms. During the search, CBPOs discovered cocaine inside the black backpack and black carry-on bag in MASON's possession. After cutting into the lining of MASON's backpack, CBPOs discovered two packages of a white powdery substance that later field-tested positive for cocaine, weighing approximately 3.66 kilograms. CBPOs discovered another package of a white powdery substance that also field-tested positive for cocaine, in the bottom of MASON's carry-on bag, weighing approximately 1.56 kilograms. Additionally, a brown towel and a newly purchased rug was found inside this carry-on bag, matching two of the eight described articles that MASON listed on her Customs Declaration Form. In total, law enforcement discovered three packages of cocaine weighing approximately 5.22 kilograms in MASON's bags.

7.  Further, after cutting into the lining of FELICIANO's black backpack, CPBOs found two packages of a white powdery substance that later field-tested positive for cocaine, weighing approximately 3.62 kilograms. CBPOs discovered another package of a white powdery substance that field-tested positive for cocaine in the bottom of FELICIANO's off-white carry-on bag, weighing approximately 1.56 kilograms. In total, law enforcement discovered three packages of cocaine weighing approximately 5.18 kilograms in FELICIANO's bags.

8.  Moreover, after cutting into the lining of DESTRA's black backpack, CBPOs found two packages of a white powdery substance that later field-tested positive

for cocaine, weighing approximately 4.14 kilograms. CBPOs discovered another package of a white powdery substance that later tested positive for cocaine in the bottom of DESTRA's black carry-on bag, weighing approximately 2.08 kilograms. In total, law enforcement discovered three packages of cocaine weighing approximately 6.22 kilograms in DESTRA's bags.

9. CBPOs discovered a total of nine packages of cocaine concealed in three backpacks and three carry-on bags. The total weight of the cocaine was 16.6 kilograms (or 36.597 pounds).

10. Post-*Miranda*, DESTRA made the following statements:

   a. She was offered a free cruise to pick up bags in Jamaica, which she believed to contain marijuana and money. She was supposed to be paid $10,000 for picking up and delivering the bags.

   b. She was asked to find two other females with passports to accompany her on the cruise to also pick up and deliver the bags.

   c. She reached out to MASON and FELICIANO through social media and offered them $10,000 each to deliver bags and MASON and FELICIANO both agreed. DESTRA further stated that neither of them asked her what was inside the bags, they only asked if the bags would be checked by security.

11. Post-*Miranda*, FELICIANO made the following statements:

   a. DESTRA and her boyfriend picked her up from her house in New Jersey and gave her a bag prior to boarding a flight to Miami.

   b. DESTRA instructed her to put the bag in her cabin when she boards the ship and that she would be paid $1,200 for holding onto the bag.

   c. She had a feeling something about the free trip was not right and that she suspected there may have been marijuana inside the bags.

   d. When they came back from Jamaica, she noticed the bag she had was a little heavier than she remembered.

e. She and MASON had a conversation once they got back on the ship from Jamaica where she asked MASON why the stitching was off in the bag she possessed. MASON reassured her that DESTRA had done this in the past, as if MASON was not concerned about it.

12. CBPOs conducted a border search of FELICIANO and DESTRA's cellphones, which corroborated their statements to law enforcement. DESTRA's phone revealed WhatsApp messages with an individual she stated recruited her to smuggle the narcotics. During the conversation, DESTRA told the recruiter to make sure she gets paid so she can pay the other two girls who accompanied her because this was their first time. FELICIANO's phone revealed messages with a phone number that FELICIANO stated belonged to MASON. In the messages, FELICIANO and MASON questioned why DESTRA asked at one point to take possession of all the bags and how she would take them by herself. MASON invoked her *Miranda* rights.

**[Intentionally left blank]**

## CONCLUSION

13. Based on the forgoing, I respectfully submit that there is probable cause to support a criminal complaint against DESTRA, MASON, and FELICIANO for violations of Title 21, United States Code, Section 846.

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
Summer Louis, Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with
the requirements of Fed. R. Crim. P. 4.1 by:

_Facetime_____
(specify reliable electronic means).

Date: _October 31, 2022_____

_____
HONORABLE LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:22-mj-03853-Reid

### BOND RECOMMENDATION

DEFENDANT: MELINA JUSTICE DESTRA

PRE-TRIAL DETENTION

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Nardia Haye*
AUSA: Nardia Haye

Last Known Address: _____

_____

_____

What Facility: Federal Detention Center

33 NE 4th Street, Miami, FL 33132

Agent(s): Summer Louis
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)
HSI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: **1:22-mj-03853-Reid**

## BOND RECOMMENDATION

DEFENDANT: **JACQUELINE SUSIE MASON**

**PRE-TRIAL DETENTION**
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Nardia Haye*
AUSA: Nardia Haye

Last Known Address: _____

What Facility: Federal Detention Center
33 NE 4th Street, Miami, FL 33132

Agent(s): Summer Louis
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
HSI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:22-mj-03853-Reid

### BOND RECOMMENDATION

DEFENDANT: KARTAYAH NARIAH FELICIANO

PRE-TRIAL DETENTION

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Nardia Haye*
AUSA: Nardia Haye

Last Known Address: _____

_____

_____

What Facility: Federal Detention Center

33 NE 4th Street, Miami, FL 33132

Agent(s): Summer Louis
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
HSI